FILED
CLERK

7/16/2026

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MARTA A. RAMIREZ,

        *Plaintiff,*

      -against-


COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

        *Defendant.*
------------------------------------------------------------------X

**MEMORANDUM
AND ORDER**

24-CV-04782 (LDH) (JMW)

**A P P E A R A N C E S:**

    Lindsay Trust
    Daniel Adam Osborn
    **Osborn Law P.C.**
    43 West 43rd Street Suite 131
    New York, NY 10036
    *Attorneys for Plaintiff*

    Hugh Dun Rappaport
    **SSA Office of the General Counsel**
    6401 Security Boulevard
    Baltimore, MD 21235
    *Attorney for Defendant*


**WICKS**, Magistrate Judge:


Plaintiff moves, pursuant to 42 U.S.C. § 406(b), for an award of attorney's fees in the amount of $27,158.00 following a favorable decision on Plaintiff's claim for Social Security Disability Benefits rendered by an Administrative Law Judge ("ALJ").  (ECF No. 19.) Defendant neither opposes nor supports the motion but merely asks the court to determine whether counsel's request is reasonable.  (ECF No. 20.)  For the following reasons, the motion is GRANTED in part and DENIED in part.

1

**BACKGROUND**

Marta A. Ramirez ("Plaintiff" or "Claimant") filed a Title II application on July 29, 2021, alleging disabilities beginning December 10, 2020.  (ECF No. 1 at ¶ 5.)  The Social Security Administration ("SSA") disallowed Plaintiff's application on November 18, 2021, and then again on March 24, 2022.  (*Id.* at ¶ 6.)  A hearing was held on June 30, 2023, and on August 29, 2023 an ALJ denied her disability claims.  (*Id.* at ¶ 7.)  Plaintiff requested a review by the Appeals Council, which was denied on May 10, 2024; Plaintiff received notice of the denial on or about May 15, 2024.  (*Id.* at ¶¶ 8–9.)  As a result, Plaintiff commenced this action against the Commissioner of the Social Security Administration ("Defendant") on July 10, 2024, for a review on the ALJ's ruling and the Appeals Council's subsequent denial.  (*See generally id.*)

Plaintiff filed a motion for judgment on the pleadings on January 9, 2025.  (ECF No. 8.)  On February 19, 2025, the parties filed a joint stipulation and motion to remand to the SSA (ECF No. 10), stating that they "stipulate and agree that this Court reverse and remand the final decision of the Acting Commissioner . . . . because the Commissioner's final decision did not properly consider the medical opinion evidence under the regulations."  (ECF No. 10-1 at 1.)  The parties further stipulated that the Clerk of Court "enter final judgment on the complaint in favor of plaintiff, reversing the final decision of the Commissioner."  (*Id.*)  The Court so-ordered the stipulation on March 4, 2025.  (ECF Nos. 10–11.)

Although the case was remanded in March 2025, the SSA did not issue a Notice of Award ("NOA") calculating Plaintiff's benefits until February 2026.  (*See* ECF No. 19-4.)  In the meantime, on June 3, 2025, Plaintiff moved for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(a) and (d).  (ECF No. 13; *see also* ECF No. 16 (no opposition from Defendant).)  The Court granted the motion, awarding Plaintiff's counsel $5,362.75.  (ECF No. 17.)

The SSA issued its decision on February 23, 2026, finding that Plaintiff was disabled since December 2020 and awarding her benefits in arrears beginning June 2021.  (ECF No. 19-4 at 3.)  Plaintiff was awarded $81,473.92 for past-due benefits through February 2026, as well as $1,925.00 per month thereafter.  (*Id.* at 3–4.)  In addition to these amounts, the SSA withheld $27,158.00 to pay any potential representation fees.  (*Id.* at 5.)

On March 26, 2026, Plaintiff's counsel, Osborn Law, PC, filed the instant motion for attorneys' fees under 42 U.S.C. §406(b), requesting the $27,158.00 that had been earmarked for that purpose.  (ECF No. 19.)  The Honorable LaShann DeArcy Hall referred the motion to the undersigned.  (Electronic Order dated April 14, 2026.)

## THE LEGAL FRAMEWORK

"Section 406(b) 'controls fees' for the successful representation of social security claimants in federal court." *Lago v. Comm'r of Soc. Sec.*, No. 14-CV-5688 (NGG), 2026 WL 1802893, at *2 (E.D.N.Y. June 23, 2026) (quoting *Culbertson v. Berryhill*, 586 U.S. 53, 55 (2019)).  "The statute authorizes a court to determine and award fees, subject to two criteria: (1) the fee must not exceed '25 percent of the past-due benefits to which the claimant is entitled'; and (2) the fee must be 'reasonable.'" *Id.* (quoting 42 U.S.C. § 406(b)(1)(A)).  "Within the 25% statutory cap, 'the attorney for the successful claimant' bears the burden of showing that 'the fee sought is reasonable for the services rendered.'" *Id.* (citation modified) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)).

**DISCUSSION**

**I.    *There was Successful Representation of a Social Security Claimant and Fee does not Exceed 25 Percent of Past Due Benefits***

The statute provides that,

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]"

42 U.S.C. § 406(b)(1)(A).

Although the statute contemplates a "judgment" rendered by a "court" and describes benefits obtained "by reason of such judgment," courts have nonetheless found that "where benefits are subsequently awarded on remand, those benefits are 'by reason of such judgment,' triggering a claimant's potential entitlement to fees under § 406(b)." *Meyer v. Acting Comm'r of Soc. Sec.*, No. 22-CV-05582 (LDH) (JMW), 2025 WL 2879978, at *2 (E.D.N.Y. Oct. 9, 2025) (internal citations omitted); *see also Ryan v. Barnhart*, 431 F. Supp. 2d 326, 328 (W.D.N.Y. 2006) ("The requirement that there be a 'favorable judgment' to the plaintiff does not require an award of benefits by the Court.  It is sufficient if a Court remands an action for further proceedings and the Commissioner ultimately awards benefits.") (internal citations omitted).

Here, the Court remanded "pursuant to sentence four of 42 U.S.C. § 405(g)" to the Commissioner on March 5, 2025.  (*See* Electronic Order dated March 5, 2025.)  On remand, Plaintiff was found disabled and a NOA was issued advising that the SSA withheld $27,158.00 (*i.e.*, 25%) from Claimant's past-due benefits for potential counsel fees.  (ECF No. 19-4, Ex. 3.) Accordingly, § 406(b)'s threshold—a favorable judgment followed by an award of past-due benefits "by reason of" that judgment—is met.  *See Meyer*, 2025 WL 2879978, at *2.

Moreover, counsel filed this motion in a timely manner.  Normally, "[m]otions for attorney's fees under 42 U.S.C. § 406(b) must be filed within the 14-day filing period prescribed by Rule 54(d) of the Federal Rules of Civil Procedure."  *Persuad v. Comm'r of Soc. Sec.*, No. 20-CV-4360 (EK) (RML), 2026 WL 1276695, at *2 (E.D.N.Y. Apr. 23, 2026) (internal citation omitted), *report and recommendation adopted*, 20-CV-4360 (EK) (RML), 2026 WL 1272941 (E.D.N.Y. May 8, 2026).  Here, counsel did not file the instant motion until March 26, 2026—thirty-three days after the notice was issued.  (ECF No. 19.)  Nevertheless, the Court considers counsel's application timely.  "Rule 54(d) allows judges to extend the 14-day deadline by court order," which means that "'district courts are empowered to enlarge that filing period where circumstances warrant.'"  *Finnegan v. Comm'r of Soc. Sec.*, No. 21-CV-2070 (PKC), 2024 WL 4494088, at *2 (E.D.N.Y. Oct. 15, 2024) (quoting *Sinkler v. Berryhill*, 932 F.3d 83, 89 (2d Cir. 2019)); *see also Sinkler*, 932 F.3d at 91 (noting that "[t]he fourteen-day filing period prescribed by Rule 54(d)(2)(B) is subject to equitable tolling").  Although the NOA was issued on February 23, 2026, it was initially sent to Pasternack Tilker Ziegler Walsh Stanton & Romano, LLP ("Pasternack Tilker"), the firm that represented Claimant at the agency level.  (ECF No. 19-1 at ¶ 12.)  An employee of Pasternack Tilker forwarded the NOA to Osborn Law, PC—the movant here—on March 13, 2026.  (ECF No. 19-5.)  Since counsel did not receive the NOA until March 13, the Court finds their filing on March 26 timely.

## II.    *Reasonableness of the Requested Fee*

Section 406(b) caps the award of fees at 25% of past-due benefits.  42 U.S.C. § 406(b)(1)(A).  Here, the SSA withheld $27,158.00, which is 25% of past-due benefits and the amount that counsel seeks.  (ECF No. 19.)  The requested fee, therefore, does not exceed the

statutory ceiling.  This was also the agreed-upon amount in the retainer agreement Plaintiff

signed, which provides:

> If my case is successful in Federal Court and is sent back to the Social Security Administration for further evaluation (a "remand"), or by obtaining my benefits outright by court order, I understand that Daniel A. Osborn, Lindsay M. Trust, and/or Osborn Law, P.C. will be entitled to attorney's fees and reimbursements of costs for work in Federal Court. The attorney's fees owed by me shall be the **GREATER** of the following:
> . . . .
> 1) Such amount as my attorney may be awarded pursuant to the Equal Access to Justice Act (EAJA), . . . **OR**
> 2) Such amount as my attorney may be awarded, pursuant to 42 U.S.C. Section 406(b), from any past-due benefits to which I may be entitled, **but not to exceed twenty-five percent (25%) of such past-due benefits**.

(ECF No. 19-2) (emphasis in original).

"A court must enforce a claimant-counsel contract for a 'reasonable fee … not in excess

of 25% of the … past-due benefits' awarded in a case before the Commissioner." *Brown v.*

*Comm'r of Soc. Sec.*, No. 23-CV-6425 (EK), 2026 WL 1556183, at *1 (E.D.N.Y. June 2, 2026)

(quoting 42 U.S.C. § 406(b)(1)(A)) (ellipses in original).  "When the fee agreement is

contingent, 'the district court's determination of a reasonable fee under § 406(b) must begin with

the agreement, and the district court may reduce the amount called for by the contingency

agreement only when it finds the amount to be unreasonable.'"  *Id.* (quoting *Wells v. Sullivan*,

907 F.2d 367, 371 (2d Cir. 1990)).  "The court's reasonableness determination is a matter of

discretion[.]" *Lago*, 2026 WL 1802893, at *3.  That said, courts typically consider the following

factors:

> a) the character of the representation and the results achieved;
> b) whether counsel was responsible for undue delay, such as a delay that unjustly allowed counsel to obtain a percentage of the additional past-due benefits;
> c) whether there was fraud or overreaching in the making of the contingency agreement; and

6

    d)  whether the requested amount is so large in comparison to the time that the counsel spent on the case as to be a windfall to the attorney.

*Duplessy v. O'Malley, Comm'r of Soc. Sec.*, No. 24-CV-4370 (KAM), 2026 WL 1453867, at *2 (E.D.N.Y. May 22, 2026) (citing *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022)).

The Court considers each factor in turn:

### A. Character and Results of Representation

Counsel's fee request comes after its successful representation of Plaintiff, which resulted in a judgment reversing the Commissioner's decision and a remand under sentence four of 42 U.S.C. § 405(g) on March 5, 2025.  On remand, the SSA found Plaintiff disabled and awarded $108,631.92 in past-due benefits, from which $27,158.00 (25%) was withheld for attorney's fees, and Plaintiff received $81,473.92.  (ECF No. 19-4.)  By achieving a favorable result for Plaintiff after Plaintiff had previously been denied benefits, counsel obtained the outcome Plaintiff sought.  This factor, therefore, weighs in favor of reasonableness.  *See Brown*, 2026 WL 1556183, at *1 (E.D.N.Y. June 2, 2026) (finding representation adequate where client received "tens of thousands of dollars in past due benefits").

### B. Undue Delay

While there is no indication counsel delayed the proceedings to increase the amount of past due benefits, the Court does note one inexcusable delay.  On October 3, 2024, Plaintiff moved to extend the deadline to file her motion for judgment on the pleadings.  (ECF No. 7.)  Plaintiff requested January 9, 2025, March 10, 2025, and March 27, 2025 for the filing of Plaintiff's opening brief, Defendant's response, and Plaintiff's reply, respectively.  (*Id.*)  The Court granted the motion, but only in part, setting dates of December 9, 2024, February 10, 2025, and February 27, 2025.  (Electronic Order dated October 16, 2024.)  Nevertheless, Plaintiff's opening brief was inexplicably filed on January 9, 2025—the date Plaintiff originally requested

and the Court rejected.  (ECF No. 8.)  This could constitute grounds to reduce counsel's request by the pro-rata amount of one month.  *See Finnegan*, 2024 WL 4494088, at *3 (finding that a delay spanning almost four months, regardless of the sympathetic personal reasons, was an undue delay, but granting counsel the full fee for other reasons).  Because one month is negligible compared to the span from June 2021 through February 2026, however, the Court overlooks this deficiency.

### C.  *Possibility of Fraud or Overreaching*

There is nothing presented to the Court that suggests that there was fraud or overreaching, and the Court does not make that assumption.  *See Brown*, 2026 WL 1556183, at *2 (E.D.N.Y. June 2, 2026) ("[T]he fee agreement is simple and clear and therefore likely not the product of fraud."); *Meyer*, 2025 WL 2879978, at *4 ("[N]othing presented to the Court gives rise to even a scintilla of fraud in the formation of the contingency agreement, nor can it be assumed that a contingency agreement providing for the exact 25% statutory fee contains any overreach by counsel.").

### D.  *Whether the Requested Amount is so Large as to Be a Windfall*

Finally, the Court must assess whether the requested fee would constitute a "windfall" to counsel, taking into consideration the work done and the fee requested.  *Meyer*, 2025 WL 2879978, at *4.  The requested amount of $27,158.00 corresponds to an effective hourly rate of approximately $1,311.98 an hour for attorney time.  (ECF No. 19-6 at 4.)[1]  Courts in this District have approved rates as high as $2,500.00 per hour, so counsel's request of $1,311.98 per hour is

---

[1] The billing records submitted in connection with this motion indicate that Osborn Law, PC dedicated a total of 25.4 hours to this matter—20.7 attorney hours and 4.7 paralegal hours.  (ECF No. 19-3.)  The $1,311.98 per hour figure cited above counts only the attorney time; 27,158 / 20.7 = 1,311.98.

within the range of reasonableness. *See Duncan v. Comm'r of Soc. Sec.*, No. 20-CV-6218 (FB), 2024 WL 3594667, at \*1 (E.D.N.Y. July 31, 2024) (approving *de facto* hourly rate of $2,458.56); *Morales v. Comm'r of Soc. Sec.*, No. 20-CV-10568 (KMK) (VR), 2023 WL 7168750, at \*3 (S.D.N.Y. Oct. 5, 2023) (approving *de facto* hourly rate of $1,469.89), *report and recommendation adopted*, 2023 WL 7166094 (S.D.N.Y. Oct. 31, 2023).  However,

> [r]egarding a potential windfall, courts must consider more than the *de facto* hourly rate because even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case. Specifically, courts should also consider (1) the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do; (2) the nature and length of the professional relationship with the claimant—including any representation at the agency level; (3) the satisfaction of the disabled claimant; and (4) how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result.

*Duplessy*, 2026 WL 1453867, at \*2 (citing *Fields*, 24 F.4th at 854–55).

In determining whether the requested fee would constitute a windfall, the Court takes each consideration in turn:

### i.       *The Ability and Expertise of the Lawyers*

Counsel achieved a favorable result for Plaintiff with 25.4 hours of work, but the work was done only at the District Court level, whereas other cases with a similar number of hours worked involved representation at the agency level and for multiple years.  *See Fields*, 24 F.4th at 854 (finding a *de facto* hourly rate of $1,556.98 justified and the attorney efficient by billing 25.8 hours in reviewing a transcript that was over 800 pages and drafting a 19-page brief); *Duplessy*, 2026 WL 1453867, at \*2 (finding the attorney efficient for their level of expertise when "expending 72.1 hours over the course of three separate actions, each with motions for judgment on the pleadings").  For instance, in *Morales*, the court approved $5,154.63 for 3.5

hours of work—coming to $1,469.89 per hour—but only because the court found the attorneys to be "experienced practitioners in Social Security law who focus their practice on Social Security disability cases and have handled thousands of such cases[,]" such that the attorneys were able to "'accomplish[] in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do.'" *Morales*, 2023 WL 7168750, at *3 (quoting *Fields*, 24 F.4th at 854).

Here, by contrast, counsel completed only two filings for Plaintiff—the Complaint and the motion for judgment on the pleadings—and did not represent Plaintiff at the agency level prior to bringing this suit. Additionally, counsel do not make any other arguments to attest to their expertise or abilities of representation. (*See* ECF No. 19-6 at 5.) As such, the Court is left with insufficient information to determine whether an hourly rate of well over $1,000 is reasonable, or if instead counsel should be awarded a more modest rate. *Cf. Persaud*, 2026 WL 1276695, at *2 (approving a fee of $24,321.67 for 106.4 hours worked—yielding an hourly rate of $228.59—in a case that involved, *inter alia*, a ruling by the District Court on the plaintiff's motion for judgment on the pleadings and a successful appeal to the Second Circuit). Accordingly, this factor does not support the requested fees at the calculated hourly rate.

ii.    *The Nature and Length of the Professional Relationship*

Plaintiff retained counsel in June 2024, just before this case was filed in the District Court. (ECF No. 19-1 at ¶ 2.) Their relationship spans all through the litigation and representation in the subsequent remand proceedings. Since their relationship length is on the shorter side, and counsel does not present any other evidence to attest to the nature of the relationship, the Court finds that this factor does not support the requested fees either. *Cf. Duplessy*, 2026 WL 1453867, at *3 (approving fee where the relationship spanned ten years

through multiple remands and appeals); *Meyer*, 2025 WL 2879978, at \*5 (approving fee where "counsel's representation of [the p]laintiff began well before the filing of this federal court action"); *Brown*, 2026 WL 1556183, at \*2 (approving fee where counsel "represented Brown for over two years including at the agency level").

iii.     *The Satisfaction of the Disabled Claimant*

There is nothing in the record to suggest that Plaintiff is unsatisfied with the results of the claim or counsel's representation. Indeed, Plaintiff stands to receive tens of thousands of dollars on past-due benefits and monthly payments as a result of counsel's work. Therefore, this factor weighs in favor of granting counsel's motion. "[T]he Court presumes that Plaintiff is satisfied with receiving the past-due benefits that he sought [when] there is no evidence in the record to the contrary." *Brown*, 2026 WL 1556183, at \*2 (quoting *Finnegan*, 2024 WL 4494088, at \*4).

iv.     *Uncertainty of the Case Resulting in an Award of Benefits*

"In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." *Brown*, 2026 WL 1556183, at \*2 (quoting *Wells*, 907 F.2d at 371). "A windfall is more likely to be present in a case where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery." *Richard L., Plaintiff, v. Comm'r of Soc. Sec., Defendant.*, No. 20-CV-10794 (LTS) (SDA), 2026 WL 1541072, at \*5 (S.D.N.Y. May 9, 2026) (quoting *Fields*, 24 F.4th at 856), *report and recommendation adopted sub nom. Lonecke v. Bisignano*, No. 1:20-CV-10794-LTS-SDA, 2026 WL 1537708, at \*1 (S.D.N.Y. June 1, 2026).

Here, Plaintiff's application was disallowed, denied at a hearing, and then denied review by the Appeals Council before being remanded by the District Court; only then, on remand, was

11

Plaintiff finally awarded her disability benefits.  On the other hand, the Court notes that Plaintiff's motion for judgment on the pleadings was unopposed; Defendant immediately stipulated to remand.  (ECF No. 10.)  This suggests that "the case was far less uncertain than the underlying case in *Fields*, and did not require the sustained efforts of multiple rounds of representation."  *Thomas v. Comm'r of the Soc. Sec. Admin.*, No. 22-CV-3322 (PKC), 2026 WL 873015, at *4 (E.D.N.Y. Mar. 30, 2026).  Given the "relative lack of uncertainty" evidenced by Defendant's stipulation, a "downward adjustment" is warranted.  *Id.* (citing *Gray v. Comm'r of Soc. Sec.*, No. 20-CV-3916 (PKC), 2023 WL 3948796, at *4 (E.D.N.Y. June 12, 2023)).

### E.  Conclusion as to Reasonableness

Because some of the relevant factors support the requested fee while others suggest it is excessive, the Court finds a modest reduction warranted.  In the case of *Whichard v. Comm'r of Soc. Sec.*, counsel requested "$35,504.88 for 40.20 hours of work[,] reflecting an effective hourly rate of $883.21[.]"  No. 16-CV-6260 (LDH)(RLM), 2020 WL 6370238, at *2 (E.D.N.Y. Jan. 24, 2020), *report and recommendation adopted*, 2020 WL 5810100, at *2 (E.D.N.Y. Sept. 30, 2020).  Mindful of the judiciary's obligation to scrutinize "awards that richly benefit plaintiffs' counsel at the expense of their often-vulnerable clients[,]" the court there reduced counsel's fee to "$26,000, corresponding to a *de facto* hourly rate of nearly $650[.]"  *Id.* at *2–3.

Here too, rather than the full $27,158.00 requested, the Court grants $24,000.00, reflecting a roughly 11% downward adjustment.  *See Casella v. Comm'r of Soc. Sec. Admin.*, No. 18 CV 6414 (LDH)(RML), 2025 WL 4664739, at *5 (E.D.N.Y. July 10, 2025) (granting $77,250 instead of the requested $85,830, reflecting a 10% reduction).

As noted above, the time sheets submitted by counsel reflect 20.7 hours of attorney work and 4.7 hours of paralegal work.  (ECF No. 19-3 at 3–4.)  A total fee of $24,000.00 equates to

12

about $1,125 per hour for attorneys and $150 per hour for paralegals, which, given the circumstances described above, is reasonable in this case. *See Logan v. Comm'r of Soc. Sec.*, No. 23-CV-1813 (PKC), 2026 WL 787870, at *5 (E.D.N.Y. Mar. 20, 2026) (reducing requested fee of $29,752.50 by approximately 9% to $27,123.37, representing "a *de facto* hourly attorney rate of $1,046.59 and an hourly paralegal rate of $100"); *Susca v. O'Malley*, No. 20-CV-09592 (AT) (VF), 2024 WL 3905663, at *5 (S.D.N.Y. Aug. 1, 2024) (adjusting downward to a *de facto* rate of $1,000 per hour), *report and recommendation adopted sub nom. Susca v. Comm'r of Soc. Sec.*, No. 20 CIV. 9592 (AT) (VF), 2024 WL 3904797 (S.D.N.Y. Aug. 22, 2024).

### III.     *Offset of the Equal Access to Justice Act Fees*

In addition to fees under § 406(b), Plaintiff's counsel already received an attorney's fee award under the Equal Access to Justice Act ("EAJA") in the amount of $5,362.75.  (*See* ECF No. 17.)  The EAJA allows a prevailing Social Security claimant to recover fees payable by the United States if the Government's position in the litigation was not "substantially justified." *Hogan v. Astrue*, 529 F. Supp. 2d 680, 682 (W.D.N.Y. 2008) (referencing 28 U.S.C. § 2412(d)). EAJA fees are determined under the "lodestar" method—based on the attorney's time expended and a capped hourly rate—rather than as a percentage of benefits.  *Id.* (citing *Gisbrecht*, 535 U.S. at 796).

Notably, if fee awards are made to a claimant's attorney under both § 406(d) and EAJA, the attorney "must refund the claimant the amount of the smaller fee" to prevent double recovery. *Mehlrose v. Comm'r of Soc. Sec.*, No. 20-cv-03406 (WFK) (LGD), 2024 WL 698729, at *3 (E.D.N.Y. Feb. 15, 2024); *see Cutajar v. Comm'r of Soc. Sec.*, No. 19-cv-05569 (SDA), 2021 WL 1541386, at *4 (S.D.N.Y. Apr. 20, 2021) (highlighting that "controlling case law dictates that

13

if a plaintiff's counsel is awarded attorney's fees under both the EAJA and § 406(b), the smaller of the two fees must be refunded to the plaintiff").

Here, Plaintiff's counsel was previously awarded $5,362.75 in EAJA fees for the work in this case. (*See* ECF No. 17.) Because the Court determined that counsel is entitled to $24,000.00 in fees pursuant to § 406(b) as a reasonable percentage of the past-due benefits, counsel is to refund the smaller EAJA fee to Plaintiff once they receive the § 406(b) payment. *See Finnegan*, 2024 WL 4490888, at *4 ("[U]pon receiving the § 406(b) award, Attorney Bowes shall promptly refund Plaintiff $5,050, which represents the EAJA fees already received by counsel, along with $5,042.09, which represents the EAJA fees that he did not seek but has elected to credit to Plaintiff."); *see also Richard L.*, 2026 WL 1541072, at *6 (ordering refund of EAJA fees even after reducing requested fee amount).

## **CONCLUSION**

For the reasons set forth above, Plaintiff's motion (ECF No. 19) is GRANTED in part and DENIED in part. Osborn Law, P.C. is awarded attorneys' fees in the amount of $24,000.00. Upon receipt of that sum, Osborn Law, P.C. shall refund to Plaintiff the previously paid EAJA fees of $5,362.75.

Dated: Central Islip, New York
      July 16, 2026

**S O  O R D E R E D:**
/s/ *James M. Wicks*
    JAMES M. WICKS
United States Magistrate Judge
